IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BARRINGTON GLEN MORRISON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-352 (MTT) |
| OFFICER JOSE RIVERA, | ) |
| Defendant. | ) |

### ORDER

Plaintiff Barrington Glen Morrison, a prisoner at Wilcox State Prison (WSP), filed this *pro se* 42 U.S.C. § 1983 action against Defendants Officer Jose Rivera, alleging Rivera used excessive force by deploying pepper spray and a taser on him while he was confined at WSP. Doc. 1.  Morrison's excessive force claim against Rivera was allowed to proceed after preliminary screening (Doc. 7), and Rivera has since moved for summary judgment, arguing he did not violate Morrison's Eight Amendment rights and that he is entitled to qualified immunity.  Doc. 19.  United States Magistrate Judge Amelia G. Helmick recommends that Rivera's motion be denied.  Doc. 22.  There are no objections, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.[1]

---

[1] Rivera also failed to reply to Morrison's response in opposition to his motion for summary judgment.

The Magistrate Judge recommends that Rivera's motion be denied based on her conclusion that a reasonable jury could conclude that the force used by Rivera was excessive.[2]  Doc. 22.  The Court agrees.  However, the Recommendation could arguably be read to shift the burden to the defendant to prove the law was clearly established for purposes of qualified immunity.  The Magistrate Judge stated she was not addressing whether the law was "clearly established" because the defendant did not argue it, and she did not cite any authority discussing whether Morrison's right was clearly established.  *Id.* at 8.  Nevertheless, the Magistrate Judge correctly concluded that "whether Defendant's use of force was for the purpose of maintaining order as opposed to being maliciously and sadistically intended to cause harm is an issue for determination at trial."  *Id.* at 10.  It is clearly established that force without penological justification violates the Eighth Amendment.  *Fennell v. Gilstrap*, 559 F.3d 1212, 1216-17 (11th Cir. 2009); *see Johnson v. Breeden*, 280 F.3d 1308, 1321–22 (11th Cir. 2002); *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1186 (11th Cir. 2020).

---

[2] The incident underlying Morrison's claim occurred on July 3, 2023.  Doc. 19-3 at 18:8-12.  Morrison, then a 64-year-old inmate at WSP, claims he was in the restroom when his assigned dorm was called to the chow hall.  *Id.* at 10:7-9, 18:15-22.  Upon exiting the restroom, Morrison states he was instructed by an officer to proceed to the chow hall.  *Id.* at 18:22-25.  However, as Morrison approached the chow hall, he claims Rivera told him he was going the wrong way and that he needed to "go around" if he wanted to enter.  *Id.* at 21:19-22:1.  Because all the other gates were closed, Morrison claims he decided to get his medication and return to his dorm.  *Id.* at 22:1-12.  Morrison states he was standing by Gate 24, near the chow hall, waiting for it to open so he could get his medication, when Rivera approached him, without much if any further inquiry, and pepper-sprayed him.  *Id.* at 22:13-23:1, 25:1-11.  Morrison alleges he then grabbed his face and spun around, at which point Rivera tased him in the back.  *Id.* at 42:14-23.  According to Morrison, he felt paralyzed and, upon rising, Rivera pepper-sprayed him again.  *Id.* at 43:5-24.  Other officers then arrived, handcuffed Morrison, and took him to the medical unit.  *Id.* at 46:17-25, 51:4-13.

Rivera claims that he gave Morrison clear instruction to return to his dorm and that he did not use force until Morrison refused to follow instructions.  Doc. 19-1 ¶¶ 4-7.  Rivera argues that the use of force, including pepper spray and a taser, was necessary to restore order and gain control of the situation.  Doc. 19-2 at 1, 8-7.

As noted by the Magistrate Judge, Morrison was a 64-year-old inmate who claims he was not acting violently or threateningly and was simply waiting to get his medication when he was pepper-sprayed twice and tased by Rivera.  *See*, *e.g.*, Doc. 19-1 at 43:5-24, 45:11-18; see *Skrtich v. Thornton*, 280 F.3d 1295, 1303 (11th Cir. 2002) ("[O]ur precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated.") *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).  The Eleventh Circuit has held that the repeated use of force on a non-violent, non-resisting inmate was excessive and violated clearly established law.  *Skrtich*, 280 F.3d at 1303 (collecting cases); see *Fennell*, 559 F.3d at 1216-17; *Johnson*, 280 F.3d at 1321–22; *Patel*, 969 F.3d at 1186.  Thus, if Morrison's version of events is true, Rivera is not entitled to qualified immunity and genuine issues of material fact preclude summary judgment.

Accordingly, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as stated in this order.  The Recommendation (Doc. 22) is **ADOPTED** and made the order of the Court as stated herein.  Rivera's motion for summary judgment (Doc. 19) is **DENIED**.

**SO ORDERED**, this 5th day of December, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
